UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re
  Christopher W. Eckler      Chapter 11
    Debtor         Case No. 08-11686-MWV

**Hearing:**
**August 18, 2009 @ 11: 00 a.m.**

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S THIRD AMENDED DISCLOSURE STATEMENT DATED JULY 23, 2009

To the Honorable Mark W. Vaughn, Chief United States Bankruptcy Judge:

Pursuant to 28 U.S.C. § 586(a)(3)(B), 11 U.S.C. § 1125, and Fed. R. Bankr. P. 3017, the United States Trustee submits this Objection to the Third Amended Disclosure Statement Propounded by Debtor-in-Possession Dated July 23, 2009 ("Third Amended Disclosure Statement"), filed by Christopher W. Eckler ("Debtor"), as follows:

1. Status of 2007 and 2008 Tax Returns

The United States Trustee calls upon the Debtor to state with certainty when his personal 2007 and 2008 tax returns will be filed. Similarly the United States Trustee requests that the Debtor report on the status of any unfiled returns of his limited liability companies as unpaid taxes owed by these entities could affect the feasibility of the Debtor's Plan.

2. Disclosure of Limited Liability Companies

The Debtor's Disclosure Statement does not address in any meaningful way the income from or the assets of his limited liability companies. The Debtor merely describes the value of his 9 limited liability companies as having a value of $5000. Disclosure Statement, Court Paper #372, p. 17. To the extent any of his companies or assets held by

1

his companies are sold following the confirmation of the Debtor's Plan, would the unsecured creditors receive any of the proceeds therefrom?

3. Universe of Unsecured Claims

The United States Trustee calls upon the Debtor to clarify the amount of unsecured claims, estimated by the Debtor at $556,978. The United States Trustee believes the undisputed scheduled unsecured claims and the deficiency claims could exceed $700,000. Also, if the Debtor defaults under the plan after confirmation, and a lender forecloses, is it clear that the lender either does or does not get to share in the dividends with general unsecured creditors if a deficiency is established? Admittedly the dividend for the unsecured creditor class is not significant. Currently the Debtor estimates the dividend to be 9% payable over five years, but if the claims are higher, the dividend may be lower.

4. Treatment for Unsecured Claims (Class 25)

The Debtor's treatment for the Class 25 general unsecured creditors is found in different sections of the Disclosure Statement but in the Plan, the Debtor says merely that he will pay $50,500 to this class over a period of five years resulting in a dividend of at least 9% of the claims. Plan, p. 12. The Plan does not define the exact dates of repayment, referring creditors to the Order confirming the Plan for those details. Plan, p. 13. The United States Trustee requests that the Debtor indicate in the Plan whether unsecured creditors will share in the net proceeds from litigation against his lenders or the City of Nashua. In the Summary Section of the Plan found in the Disclosure Statement, the Debtor says unsecured creditors will receive a dividend of at least 9% and he plans to devote his estimated disposable income over a period of five years, approximately $8500, to pay the unsecured creditors "and he retains the right to pay the dividend in full any

time." Disclosure Statement, p. 18. "Total payments will equal $50,500 plus what is received from the sales of the non-exempt motor vehicles." Disclosure Statement, p. 19. The Summary of Plan section makes no mention of his litigation claims against his lenders or the City of Nashua, which claims are valued as "unknown." Disclosure Statement, Court Paper #372, p. 17. The Disclosure Statement says the claims against the lenders may generate an additional dividend to general unsecured creditors pro tanto but creditors may not know what that means. With respect to the City of Nashua, the Debtor merely states that the litigation could result in "a substantial asset to the estate." Disclosure Statement, Court Paper #372, p. 18. Ideally the Debtor's treatment of his unsecured creditors would be found in one central location in the Disclosure Statement and in the Plan, with precise dates for repayment. (The Disclosure Statement says the $50,500 will be paid over five years in 10 semi-annual installments but the date of the first installment is not identified.)

### 5. Sales of Properties Post Confirmation

The Debtor's Plan is not entirely clear in terms of whether unsecured creditors will receive any or all of the net proceeds following a sale of the Debtor's buildings in the event there was equity.

### 6. Operating Reports

The Debtor's June, 2009 operating report is overdue and the United States Trustee requests that the Debtor file that in the near future.

7. Definitions

The Debtor's Plan indicates in the Definitions Section that he is referring to the First Amended Plan Dated May 1, 2009, which the Debtor will want to update.  Plan, page 2.

8. Miscellaneous

a.  Class 24.

The Debtor states in his Plan that the Debtor must obtain acceptances of the Plan from Classes 4 through 23, and 25.  The Debtor indicates that Class 24 is not impaired, but to the extent the creditors are not being paid in full at confirmation, they are impaired.  For example, Fred Fuller Oil filed a claim for $1461 but the proposed payment is only $100.  Similarly, Keyspan filed two claims, one for $595 and one for $597 [claims #18, #19], but is being offered only $100.  Query whether Wells Fargo should also be placed in this class, with a proof of claim filed for $1173 [claim #14], less than the claim filed by Fred Fuller Oil [claim #3].

b.  De Minimis Dividends and Returned Dividends

Over the course of a five year Plan, people and companies move.  Businesses sometimes close their doors.  The Debtor may want to consider a discussion of what will be done with unclaimed dividends or whether he will choose to accumulate dividends unless a certain minimum amount is due (e.g., $10).   Will creditors be required to provide a change of address directly to the Debtor over the course of a five year plan?  If the Debtor opts to seek closure of his case following confirmation, and request a discharge five years later, should the Debtor so advise creditors in his Disclosure Statement and Plan?  See 11 U.S.C. §1141(d)(5).

WHEREFORE, the United States Trustee requests that the Court deny approval of the Debtor's Third Amended Disclosure Statement Propounded by Debtor-in-Possession Dated July 23, 2009 until these issues are resolved, and for such other and further relief as is just.

        Respectfully submitted,

        PHOEBE MORSE,
        United States Trustee


    By:    /s/ Geraldine Karonis
        Geraldine Karonis, Esq.
        Assistant U.S. Trustee
        Office of the U.S. Trustee
        1000 Elm Street, Suite 605
        Manchester, NH 03101
        (603) 666-7908
        Bnh 01853
        Email: Geraldine.L.Karonis@usdoj.gov

Dated: August 11, 2009

<u>CERTIFICATE OF SERVICE</u>

      I, Geraldine Karonis, hereby certify that on this date I caused to be served a copy of the foregoing on the parties below by CM/ECF:

Leonard G. Deming, II, Esq.
Charles W. Gallagher, Esq.
Deirdre J. Keady, Esq.
Fred K. Mayer, III, Esq.
John T. Precobb, Esq.
Richard T. Mulligan, Esq.
A. Rebecca Murray, Esq.
Rian Vernon, Esq.
Victor Manougian, Esq.
Thomas C. Tretter, Esq.
Daniel W. Sklar, Esq.
Peter N. Tamposi, Esq.


Dated: August 11, 2009                <u>/s/ Geraldine Karonis</u>
                                            Geraldine Karonis